ALICE E. SEGER v. GEORGE O. ABINGTON et al., Appellants.

Division Two, March 30, 1909.

EJECTMENT: Erroneous Verdict: Appeal Without Merit. The evidence showed that the rental value of the 15 ·acres of land was from $2 to $3.50 per acre, and the verdict for plaintiff recited "that the value of the monthly rents and profits is nothing—improvements equal rents and profits." It is conceded that the verdict was erroneous as to plaintiff and the court in accepting it confirmed the error; but no harm has come to defendants from that error, and the only harm that can come to them is the anticipated one that it may be pleaded as *res adjudicata* in a subsequent suit by them for the value of their

improvements. *Held*, that plaintiff is not responsible for the error, and to reverse the judgment upon defendants' appeal and involve the parties in another trial for the small amount involved would be a travesty upon justice.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Abington & Phillips* for appellants.

The verdict of the jury and judgment based thereon attempting to settle the question of the value of the improvements made by defendants in good faith was erroneous and should have been set aside. Henderson v. Langley, 76 Mo. 226; McClannahan v. Smith, 76 Mo. 428; Russell v. Defrance, 39 Mo. 506; Malone v. Stretch, 69 Mo. 25; Railroad v. Shortridge, 86 Mo. 665; Koch v. Hawkins, 40 Mo. App. 684; Pierce v. Rollins, 60 Mo. App. 497; Tice v. Flemming, 173 Mo. 57; Bristol v. Thompson, 204 Mo. 369.

*David W. Hill* for respondent.

(1) If any error was committed, as a result of the informal verdict, it was committed against respondent and in favor of appellants, of which appellants cannot complain. Sec. 865, R. S. 1899; McGuire v. Nugent, 103 Mo. 172; Logan v. Field, 192 Mo. 70; School District v. Holmes, 53 Mo. App. 472. (2) This court will not reverse any judgment when it is clear that a retrial would cost more than the amount involved. Porter v. Harrison, 52 Mo. 524.

GANTT, P. J.—This is an appeal from the Butler Circuit Court, in an ejectment suit, for an undivided two-ninths of lot one of the northeast quarter of the southeast quarter of section 33, township 22, range 5, in Butler county, and for one hundred dollars dam-

ages for the withholding, and two dollars monthly rents and profits from the rendition of the judgment.

The answer admitted possession and denied all other allegations of the petition.

The cause was tried to a jury and resulted in a verdict for plaintiff for possession and one dollar damages, and judgment accordingly. The verdict was in these words: "We, the jury, find the issues in this case for plaintiff, that she is entitled to an undivided two-ninths of the land described in the petition and assess her damages at one dollar and that the value of the monthly rents and profits is nothing—improvements equal rents and profits. WILLIAM FERGUSON, Foreman."

The only error assigned for reversal of the judgment is that portion of the verdict which finds "improvements equal rents and profits." It is agreed that the matter of improvements, if any, was not involved either in the pleadings, evidence, instructions of the court or argument of counsel. The evidence tended to establish that there are about fifteen acres of the land in cultivation and its rental value was from $2 to $3.50 per acre per year.

It is obvious that in failing to fix the value of the monthly rents and profits to which plaintiff was entitled the jury committed error against the plaintiff, and the court in accepting the verdict in that form confirmed the error against plaintiff. It is not contended that any harm has occurred to defendants in this case from this informal finding, but defendants anticipate that it may be pleaded as *res judicata* in a subsequent suit by them for the value of their improvements on said land.

To reverse this judgment and tax the costs of this appeal against the plaintiff for this informality in the verdict, for which she is in no manner whatever responsible, would be a travesty upon justice and our administration of law, and involve these parties in

another trial which would cost them more than the amount involved. The only error in the record is one against the plaintiff and of that the defendants cannot complain.

There is no merit in this appeal and the judgment is affirmed.

*Burgess* and *Fox, JJ.*, concur.